**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Efrain DeLeon (R-04206), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 C 50059 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| | ) |
| Sheriff Gary Caruana and Does 1-3, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff's motion to amend the operative complaint to specify the names of Does 1-3 [41] is denied as piecemeal amendments are improper. The identification of three different individuals as the Doe defendants, however, demonstrates that plaintiff's first amended complaint [22] must be dismissed based on improper joinder. If plaintiff wishes to pursue this litigation, by March 2, 2018, he must submit a second amended complaint addressing the concerns identified in this order using the court's form, along with a completed USM-285 (Marshals service) form for each defendant he names. If plaintiff fails to comply, the court will summarily dismiss this case. Plaintiff's renewed request for attorney representation [40] is denied without prejudice. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for want of prosecution. The Clerk of Court is directed to send plaintiff an amended complaint form, a blank USM-285 form and instructions, and a copy of this order.

### STATEMENT

Plaintiff Efrain DeLeon, a state prisoner incarcerated at the Pinckneyville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 based on medical care he received when he was a pretrial detainee at the Winnebago County Jail during three different periods of pretrial detention beginning in March 2015, June 2016, and October 2016.[1] Court-recruited counsel filed an amended complaint that is substantially similar to the original complaint and then was granted leave to withdraw under FED. R. CIV. P. 11.

In its order screening the original complaint, the court noted that plaintiff had sued three Doe defendants and stated that without first identifying these individuals, it could not determine whether plaintiff could proceed with all three of his medical care claims in a single action. *See* FED. R. CIV. P. 18, 20; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The amended complaint names three

---

[1] Plaintiff submitted a first amended complaint with the assistance of his now-former recruited counsel. An amended complaint normally renders the original complaint a nullity. *See*, *e.g.*, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The court has nevertheless used the dates in the original complaint [1] as the amended complaint [22] clearly references three stays but provides the same date for the second and third stays and thus appears to contain a drafting error. Plaintiff should clarify this point as necessary in any second amended complaint.

Doe defendants and the Winnebago County Sheriff. Plaintiff has filed a motion to amend his complaint to add the names of the three Doe defendants; he identifies these individuals as Nurse Johnson (seizure medication in March 2015), "Nurse Coxm" (psychiatric medication in June 2016) and "Nurse Wellsc" (pain medication in October 2016).

Because an amended pleading supersedes (in other words, replaces) the prior complaint in its entirety, plaintiff may not amend his complaint by filing a supplement identifying the Doe defendants. *See*, *e.g.*, *Flannery*, 354 F.3d at 638 n.1. Nevertheless, in the interests of efficiency, the court will consider the additional information plaintiff has provided and will screen his amended complaint as required by 28 U.S.C. § 1915A with that information in mind. As with plaintiff's original complaint, under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). For purposes of initial review, the court must accept the well-pleaded facts in the amended complaint as true. *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

Since plaintiff has clarified that the Doe defendants are three different people, it is now apparent that he is attempting to bring three different unrelated medical claims against three different defendants in a single complaint accompanied by a single filing fee. This is improper because as the Seventh Circuit has explained:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.

*See George*, 507 F.3d at 607.

In other words, under *George*, "[a] litigant cannot throw all of his grievances . . . into one stewpot." *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). That is what plaintiff is attempting to do, given the new information he has provided about the identities of the three Doe defendants, who allegedly provided care for three different conditions during three different Jail stays. The fact that all of the events allegedly happened at the Winnebago County Jail is not enough to demonstrate that a single lawsuit is proper. *See Robinson v. Dart*, No. 13 C 1502, 2014 WL 222711, at *2 (N.D. Ill. Jan. 21, 2014) (noting that it is generally improper to join claims that involve different situations, witnesses and testimony). Thus, plaintiff must limit himself to a claim or claims that can be properly raised in one lawsuit.

Accordingly, plaintiff's first amended complaint is dismissed. If plaintiff wishes to proceed with this action, he must submit a second amended complaint that is limited to a single, core claim against a proper defendant. Any additional claims plaintiff may wish to prosecute must be brought in separate lawsuits that will each need to be accompanied by a separate application for leave to proceed *in forma pauperis*. *See George*, 507 F.3d at 607.

In deciding how to proceed, plaintiff is advised that under the Prison Litigation Reform Act, an inmate must exhaust his administrative remedies before filing a lawsuit seeking redress for circumstances or occurrences at a correctional facility, regardless of whether his claims involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). The court must consider whether an inmate has satisfied the exhaustion requirement before it reaches the merits, and must

dismiss a suit if an inmate has failed to exhaust. *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007). While failure to exhaust is normally an affirmative defense, if an inmate's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *See Fluker v. County of Kankakee*, 741 F.3d 787, 791-92 (7th Cir. 2013). If plaintiff did not exhaust his administrative remedies for whichever claim he selects, this action will be subject to dismissal.

Plaintiff is also advised that a two-year statute of limitations (in other words, the period of time allowed to file a lawsuit) applies to § 1983 actions arising from the failure to provide medical care to an inmate in Illinois. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011); *see also Bryant v. City of Chicago*, 746 F.3d 239, 242 (7th Cir. 2014) ("Illinois does not toll the statute of limitations for inmates."). Generally, "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). However, "if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). Time spent pursuing grievances at the jail tolls (in other words, temporarily stops) the statute of limitations. *See Wagner v. Hardy*, 609 F. App'x 874, 875 (7th Cir. 2015). To the extent that plaintiff wants to pursue the claim based on treatment in 2015, he should consider whether any such claim is timely.

Finally, counsel added Winnebago County Sheriff Gary Caruana as a defendant. It is possible that counsel did so to help plaintiff identify the Doe defendants, but this point is unclear. Section 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Moreover, there is no respondeat superior (*i.e.*, supervisory) liability under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, plaintiff may not sue a supervisory official based solely on his position. If plaintiff wishes to proceed with a substantive claim against Sheriff Caruana, he must carefully consider whether there is any colorable basis to do so and must identify—to the best of his ability—the purported constitutional wrongs he wishes to challenge and provide a basic description about Sheriff Caruana specifically did or did not do.

Any amended complaint must be signed and submitted on the court's required form. *See* FED. R. CIV. P. 11(a); Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. FED. R. CIV. P. 11(b).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff must also provide a completed USM-285 (Marshals service) form for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint without reference to the original complaint. Any exhibits plaintiff wants the court to consider in its threshold review of any second amended complaint also must be attached. Plaintiff is advised to keep a copy for his files. Plaintiff is reminded that he must promptly submit a change-of address notification if he is transferred to another facility. Failure to do so may lead to dismissal of this action for want of prosecution. The Clerk of Court will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If plaintiff does not submit a second amended complaint by the date set forth above, the court will summarily dismiss this case.

This leaves plaintiff's renewed request for attorney representation. The court allowed recruited counsel to withdraw under Rule 11, which requires both attorneys and unrepresented parties to certify that to the best of the filer's knowledge, formed after a reasonable inquiry, that a pleading or other filing has legal or evidentiary support. *See* FED. R. CIV. P. 11(b). On December 15, 2017, the court gave plaintiff time to locate an attorney. (Dkt. 38). "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). "[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself." *Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015).

The court declines to recruit counsel at this time as plaintiff has not attempted to find another attorney to replace the attorney who withdrew after being recruited by the court. The court is mindful that plaintiff's case is based on alleged medical deliberate indifference and that "where an inmate alleges an objectively serious medical condition, it may be better to appoint counsel." *Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (citing *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015)). But there is no absolute right to counsel each time an inmate asserts a medical claim and an attorney recruited by the court has already withdrawn under Rule 11. Moreover, plaintiff must decide how he wishes to proceed in light of the guidance provided in this order. Thus, plaintiff's motion for attorney representation is denied without prejudice.

Date: 1/23/2018  ENTER:

_____
United States District Court Judge

Docketing to Mail Notices. (LC)